UNITED STATES of America, Plaintiff–Appellee,

v.

Brian Paul COSSEY, Defendant–Appellant.

No. 15–30191.

United States Court of Appeals, Ninth Circuit.

Submitted April 26, 2016.*

Filed April 29, 2016.

Cyndee Peterson, Missoula, MT, Leif Johnson, Office of the U.S. Attorney, Billings, MT, for Plaintiff–Appellee.

John Rhodes, Esquire, Federal Defenders of Montana, Missoula, MT, for Defendant–Appellant.

Before: McKEOWN, WARDLAW, and PAEZ, Circuit Judges.

MEMORANDUM **

Brian Paul Cossey appeals from the district court's judgment and challenges a special condition of supervised release imposed upon revocation of supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand.

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Cossey contends that the district court abused its discretion by imposing a condition of supervised release that prohibits him from acquiring, possessing, or viewing materials that depict "sexually explicit conduct," as defined in 18 U.S.C. § 2256(2)(A), and deemed inappropriate by Cossey's probation officer and sex offender treatment provider. We have approved a number of conditions related to sex offenders. However, consistent with our sister circuits, we recently held that a condition that extends to non-pornographic materials involving adults deprives a defendant of more liberty than is reasonably necessary. *See United States v. Gnirke,* 775 F.3d 1155, 1165–66 (9th Cir.2015). We, therefore, vacate the condition as written and remand for the district court to reimpose the condition consistent with *Gnirke. See id.* at 1166.

**VACATED and REMANDED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.